IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 95-10010
Summary Calendar
S))))))))))))))Q

CLYDE WAYNE STUART,

Plaintiff-Appellant,

versus

JULIUS WHITTER, Attorney,
ET AL.,

Defendants-Appellees.

S))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Northern District of Texas
(3:94-CV-2461-R)
S))))))))))))))))))))))))Q
(May 5, 1995)

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Clyde Wayne Stuart (Stuart), a Texas prisoner, proceeding *pro se* and *in forma pauperis* (IFP), filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Elizabeth Tamez (Tamez) and John Withers (Withers), the

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

prosecuting attorneys in a Texas state criminal proceeding against him; his trial counsel, Julius Whitter (Whitter); and Pamela Strauss (Strauss), who served as the foreperson of the grand jury that indicted him. Stuart alleged that the defendants conspired to convict him of theft over $750, that the indictment was invalid because it did not come from the grand jury but was signed by the foreperson, and that he was improperly induced to plead guilty to the theft offense as a result of an illegal conspiracy by the defendants. Stuart sought damages in excess of $20,000,000.

A magistrate judge determined that Stuart's complaint lacked an arguable basis in law because the prosecutors and the grand jury foreperson enjoy absolute immunity from section 1983 liability and because Stuart's counsel did not act under "color of state law" for section 1983 purposes. The magistrate judge further noted that, to the extent that Stuart challenged the validity of his criminal conviction, his complaint must be construed as a petition for habeas corpus relief. Because the magistrate judge was unable to determine whether Stuart had exhausted his state court remedies, he instructed Stuart to file a petition pursuant to 28 U.S.C. § 2254.

Stuart filed motions for the appointment of counsel and an extension of time in which to file objections to the magistrate judge's report. Without ruling on the motions, the district court conducted a *de novo* review of the case, dismissed Stuart's claim for money damages, construed the remainder of the complaint as a section 2254 petition, and ordered that the clerk of court transmit a section 2254 form to Stuart.

Stuart asserts that the district court abused its discretion

2

when it failed to consider his motion for the appointment of counsel before dismissing his complaint as frivolous. Specifically, Stuart argues that the district court was required to make specific findings on each of the four factors enunciated in *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). Any such error was harmless.

Civil rights litigants are entitled to the appointment of counsel in cases involving "exceptional circumstances." *Ulmer,* 691 F.2d at 212. If the record is sufficiently clear, this Court may affirm the denial of a motion for the appointment of counsel without the district court's having made specific findings on the *Ulmer* factors. *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 262 (5th Cir. 1986). The record negates Stuart's assertion that this case presents exceptional circumstances inasmuch as his pleadings demonstrate his ability to provide himself with adequate representation.

Stuart challenges the court's dismissal of his claims pursuant to section 1915(d). He also asserts that the district court had no basis to construe his civil rights complaint as a petition for habeas corpus relief and that he has exhausted his state-court remedies.

A district court may dismiss an IFP complaint if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(d). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This Court reviews a district court's section 1915(d) dismissal for abuse of discretion. *Denton v. Hernandez*, 112 S.Ct. 1728, 1734

3

(1992).

The Supreme Court directed in *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994), that:

> "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."

The *Heck* court reasoned that section 1983 claims related to an allegedly unlawful conviction or sentence were analogous to the common law tort of malicious prosecution, which requires the allegation and proof of the termination of the prior criminal proceeding in favor of the accused. *Id*. at 2371-72.

Stuart's allegation that he was improperly induced to plead guilty to theft over $750 because of an illegal conspiracy among the defendants necessarily calls into question the lawfulness of his conviction. Under *Heck*, Stuart cannot assert a claim for section 1983 relief based on this allegation unless and until the duration of the imprisonment about which he complains is "reversed . . . expunged . . . declared invalid . . . or called into question by a federal . . . writ of habeas corpus." 114 S.Ct. at 2372. Inasmuch as he states that his petition for habeas corpus was denied, Stuart has no claim for section 1983 relief. Accordingly, his complaint lacks an arguable basis in law and the district court did not abuse its discretion when it dismissed it as frivolous pursuant to section 1915(d).

As to Stuart's argument that the district court erred when it

4

construed some of his claims as falling under section 2254, such error, if any, is harmless inasmuch as the district court dismissed the habeas aspects of his complaint without prejudice and Stuart may still pursue habeas relief. *See McGrew v. Texas Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995); Fed. R. Civ. P. 61.

AFFIRMED