United States Court of Appeals,

Fifth Circuit.

No. 94-10674

Summary Calendar.

William Steve McGREW, Plaintiff-Appellant,

v.

TEXAS BOARD OF PARDONS & PAROLES, et al., Defendants-Appellees.

March 13, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:

Texas inmate William Steve McGrew (McGrew) filed this civil rights suit alleging that he was being incarcerated beyond his original sentence of ten years in violation of his constitutional rights. We affirm the district court's dismissal of the 42 U.S.C. § 1983 complaint for failure to state a claim and modify the dismissal of any habeas corpus claim to be without prejudice.

I. FACTS AND PROCEDURAL HISTORY

McGrew, a Texas Department of Criminal Justice (TDCJ) prisoner, filed a 42 U.S.C. § 1983 complaint against the Texas Board of Pardons and Parole (Board), its Director, and the Texas Governor, in her capacity as the executive director of the Board, alleging that he completed his prison sentence in 1993 but he remains illegally imprisoned as a result of the application of an unconstitutional state statute. McGrew is contesting the constitutionality of Texas Code Crim.Proc.Ann. art. 42.18, § 14(a)

1

(West Supp.1994), which provides that, upon revocation of a person's mandatory supervision, the person "may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation." McGrew alleged that Governor Richards and Director Kyle have been made aware of this illegal policy and have not taken any steps to terminate it. McGrew requested that the district court order the Board to discharge him from custody and award him monetary damages.

McGrew filed a motion for a temporary restraining order (TRO) and/or for a preliminary injunction seeking to restrain the defendants from enforcing an allegedly unconstitutional statute. McGrew also filed a motion to file an amended complaint seeking to have his complaint certified as a class action on behalf of other inmates whose sentences had been extended by the Board.

The defendants filed a motion to dismiss and for summary judgment. The defendants presented documentary evidence reflecting the following facts. McGrew was released on mandatory supervision on October 18, 1990, and was arrested for aggravated robbery on January 31, 1993. The Board of Pardons and Paroles issued a "blue" warrant on February 9, 1993, directing the retaking of plaintiff for violations of his mandatory supervision. The aggravated robbery charge was dismissed at the request of the district attorney because the complainant signed an affidavit of non-prosecution. The Board decided to proceed with the revocation

2

hearing, which was attended by McGrew and his counsel.  McGrew was found guilty of four violations of his mandatory supervision and the Board revoked McGrew's mandatory supervision on June 14, 1993.

The defendants argued in their motion that McGrew is properly serving the remainder of his term under Texas law and that the Board and the individual defendants are immune from suit.  McGrew filed an opposition to the motion in which he argued that his mandatory supervision was erroneously and arbitrarily revoked.[1]

The district court denied McGrew's motion for a TRO and preliminary injunction and his request to amend his complaint to proceed as a class action.  The district court also determined, based on the documents submitted by the defendants, that McGrew was not being illegally imprisoned under Texas law and that McGrew's complaint failed to state a claim upon which relief can be granted. The district court granted the defendants' motion to dismiss and entered judgment in their favor.

## II. ANALYSIS

A. WHETHER THE DISTRICT COURT PROPERLY DISMISSED THE § 1983 SUIT FOR FAILURE TO STATE A CLAIM.

McGrew argues that he has completed his original ten-year

---

[1]McGrew's mandatory supervision was revoked based on his 1) failure to report to his parole officer;  2) alleged commission of an aggravated robbery;  3) association with a person of criminal background;  4) failure to abide by the condition that he participate in a substance abuse program and present verification of attendance.  McGrew argued that his mandatory release was erroneously revoked because 1) he was under an illegal arrest at the time that he failed to report to his parole officer;  2) the aggravated robbery charge was dismissed;  3) he was not aware that his companion had been previously convicted; and 4) he had attended 246 hours of a substance abuse program, which could be confirmed by the state hospital.

sentence and that it is irrelevant that he served part of the time outside of the institution. McGrew contends that his sentence could not be extended in the absence of an additional conviction and sentence. McGrew argues that he did not violate the terms of his mandatory supervision and, thus, that his sentence continued to run while he was paroled. McGrew argues that his extended sentence is not an isolated incident but is the result of the board's widespread policy imposed on all parolees.

This Court reviews de novo a trial court's dismissal of a complaint for failure to state a claim upon which relief can be granted. *Giddings v. Chandler,* 979 F.2d 1104, 1106 (5th Cir.1992). The dismissal "may be upheld only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Id.* (internal quotation marks and citation omitted).[2]

Insofar as McGrew is seeking monetary damages for having been illegally imprisoned under § 1983, the dismissal of his complaint should be affirmed although on grounds different than those stated by the district court. *See Bickford v. International Speedway Corp.,* 654 F.2d 1028, 1031 (5th Cir.1981) (reversal is inappropriate if ruling of district court can be affirmed on any

---

[2]Although the district court stated that it was granting the defendants' motion for failure to state a claim upon which relief can be granted, it actually addressed the defendants' summary judgment motion because it considered materials outside of the pleadings filed by McGrew. *See* Fed.R.Civ.P. 12(b). However, as discussed below, the proper determination would have been to dismiss the complaint for failure to state a claim rather than to rely upon materials outside of McGrew's complaint.

grounds, regardless of whether those grounds were used by district court).

In *Heck v. Humphrey,* --- U.S. ----, ----, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

(footnote omitted; emphasis in original). Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement,[3] it must satisfy the *Heck* element. *See Heck,* --- U.S. at ----, 114 S.Ct. at 2370; *Cotton v. Texas Dep't of Criminal Justice,* No. 94-10532 at 2, 35 F.3d 560 (5th Cir. Aug. 26, 1994). McGrew is challenging the Board's policy of "extending" his sentence and is also alleging that his mandatory supervision was improperly revoked based on erroneous factual findings. McGrew alleged that he has not commenced any other lawsuits in state or federal court dealing with the facts involved in this proceeding or otherwise related to his imprisonment. McGrew remains in custody and he has not alleged that the sentence imposed as a result of the revocation proceedings has been invalidated by a state or federal court. Therefore, McGrew's complaint does not state a § 1983 cause of action.

---

[3]*Jackson v. Torres,* 720 F.2d 877 (5th Cir.1983).

5

Even if a complaint is subject to dismissal under *Heck,* "it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity." *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir.1994). The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity. *See Voisin's Oyster House v. Guidry,* 799 F.2d 183, 186 (5th Cir.1986). Therefore, McGrew's § 1983 claim for damages against the Board is barred by the Eleventh Amendment.

Although parole board members who personally participate in the "quasi-judicial activity of revoking parole" are absolutely immune from suit, other executive officers who are responsible for promulgating the rules and policies governing such proceedings are entitled only to qualified immunity. *See Walter v. Torres,* 917 F.2d 1379, 1383 (5th Cir.1990). Because McGrew did not allege that Richards and Kyle personally participated in his revocation proceedings, they are not entitled to absolute immunity under *Walter.* The qualified immunity issue need not be addressed, however, because McGrew has not alleged a § 1983 claim against these defendants in light of *Heck.*[4]

B. WHETHER ANY HABEAS CORPUS CLAIM SHOULD HAVE BEEN DISMISSED WITH PREJUDICE.

---

[4]McGrew's argument that the district court erred in denying his requests for injunctive relief is moot in light of his failure to state a cognizable § 1983 claim and the lack of exhaustion of his habeas claims. *See Rocky v. King,* 900 F.2d 864, 867 (5th Cir.1990) ("[a]n action is moot where (1) the controversy is no longer live or (2) the parties lack a personal stake in its outcome").

6

McGrew's complaint should also be construed as seeking habeas relief.  *See Jackson,* 720 F.2d at 879;  *Cotton,* No. 94-10532 at 3-4.[5]  McGrew's allegations reflect that he has not exhausted his state remedies and, therefore, insofar as his complaint can be construed as seeking habeas relief, it must be dismissed for failure to exhaust.  *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982);  28 U.S.C. § 2254(b).  The district court's dismissal of any habeas claim therefore is modified to be a dismissal without prejudice to McGrew's right to seek federal habeas relief after his state remedies have been exhausted.

C. WHETHER THE DISTRICT COURT ERRED IN DENYING HIS MOTION TO AMEND HIS COMPLAINT.

McGrew argues that the district court erred in denying his motion to amend his complaint because there are a number of other inmates similarly situated as reflected by the overcrowded condition of the Texas prisons.  An action may be maintained as a class action if it meets the criteria of "numerosity, commonality, typicality, and adequacy of representation," the questions of law or fact involved "predominate" over any issues affecting individual members of the class, and a class action is the "superior" method of handling the action.  Fed.R.Civ.P. 23(a), (b)(3);  *see Jenkins*

---

[5]*See e.g., Wilson v. Foti,* 832 F.2d 891 (5th Cir.1987) (allegation of failure to credit "good time" constitutes § 2254 claim);  *Beebe v. Phelps,* 650 F.2d 774 (5th Cir.1981) (§ 2254 proceeding involving claim of unconstitutional forfeiture of good time in context of parole revocation);  *Keenan v. Bennett,* 613 F.2d 127 (5th Cir.1980) (loss of "good time" credit treated as claim under § 2254);  *Lerma v. Estelle,* 585 F.2d 1297 (5th Cir.1978), *cert. denied,* 444 U.S. 848, 100 S.Ct. 95, 62 L.Ed.2d 62 (1979) (same).

7

*v. Raymark Industries, Inc.,* 782 F.2d 468, 471 & n. 4 (5th Cir.1986). "The district court has wide discretion in deciding whether or not to certify a proposed class. Assuming the court considers the Rule 23 criteria, we may reverse its decision only for abuse of discretion." *Jenkins,* 782 F.2d at 471-72.

McGrew alleged that there are numerous other inmates having an interest in his action but he did not address any of the other requirements of Rule 23. Further, because McGrew is proceeding pro se and his own complaint failed to state a cause of action, his ability to serve as an adequate representative of the class is dubious. *See Gonzales v. Cassidy,* 474 F.2d 67, 72 (5th Cir.1973) (under Rule 23(a), the representative parties in a class action must "fairly and adequately protect the interests of the class"). The district court did not abuse its discretion in denying the motion to amend the complaint.[6]

## CONCLUSION

For the reasons set forth above, the district court's judgment dismissing the § 1983 suit for failure to state a claim is AFFIRMED. The dismissal of the habeas corpus claim is MODIFIED to be a dismissal without prejudice. AFFIRMED AS MODIFIED.

---

[6]In a reply brief, McGrew argues for the first time that the Board violated Texas law by failing to revoke his parole within thirty days of his revocation hearing. McGrew argues that the hearing was held on May 13, 1993, and the Board did not issue a decision until June 14, 1993. This Court will not review issues which are initially raised in a reply brief. *United States v. Prince,* 868 F.2d 1379, 1386 (5th Cir.), *cert. denied,* 493 U.S. 932, 110 S.Ct. 321, 107 L.Ed.2d 312 (1989).