IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60192
Conference Calendar
_____

JAMES BERNARD LAWSON,

                                        Plaintiff-Appellant,

versus

DENNIS MOLDER and JAMES DAVIS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-cv-366BN
- - - - - - - - - -
June 30, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

James Lawson appeals the dismissal of his action pursuant to 42 U.S.C. § 1983 as frivolous. This court addressed Lawson's illegal-arrest contention in an earlier case. We determined that Lawson's illegal-arrest claim called into question the validity of his conviction and was barred by *Heck v. Humphrey*, 114 S. Ct. 2364 (1994). If a claim falls under *Heck*, a would-be § 1983 plaintiff has no cause of action until he can show that his conviction has been invalidated. *Id*. at 2373.

The use at trial of unreliable identification evidence

---

[*]     Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

obtained by police through unnecessarily suggestive procedures violates a defendant's right to due process. *Neil v. Biggers*, 409 U.S. 188, 199 (1972); *Passman v. Blackburn*, 652 F.2d 559, 569 (5th Cir. 1981), *cert. denied*, 455 U.S. 1022 (1982). Because judgment in favor of Lawson on either his illegal-arrest claim or his tainted-lineup claim would imply the invalidity of his conviction, the district court properly dismissed those claims pursuant to *Heck*.

Pursuant to *Heck*, district courts should not dismiss § 1983 actions for failure to pursue habeas corpus remedies or stay § 1983 actions for exhaustion of habeas remedies. *See Heck*, 114 S. Ct. at 2373. Lawson's contention that the district court should have stayed his lawsuit therefore is without merit.

Lawson seeks release from prison. By his own admission, Lawson's state post-conviction application for relief was pending when he filed his complaint. To the extent that Lawson seeks habeas corpus relief, the district court should have dismissed his claims without prejudice so that he could exhaust state-law remedies. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). We modify the district court's judgment to operate without prejudice to Lawson's ability to exhaust state-law remedies and pursue federal habeas corpus remedies. *See id*. We affirm the district court's judgment in all other respects.

Lawson is warned that he will be sanctioned if he files frivolous appeals in the future. *See Smith v. McCleod*, 946 F.2d

417, 418 (5th Cir. 1991); *Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991).

AFFIRMED AS MODIFIED.