IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50785
Summary Calendar
_____

JOHN WESLEY PATTON,

Plaintiff-Appellant,

versus

MIKE M. MACHADO, Judge;
TANYA PALCER; JOHN DOE,
Assistant D.A.,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CV-672
- - - - - - - - - - -
March 12, 1996
Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

John Wesley Patton argues that the district court abused its discretion in dismissing his complaint as frivolous because he is seeking injunctive relief rather than monetary damages. He also argues that the district court abused its discretion in imposing a sanction order.

We have reviewed the record, the opinion of the district court, and the brief, and find that the dismissal of the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

complaint as frivolous should be affirmed, although in part for reasons other than those stated by the district court.

Patton's complaint, because it seeks only injunctive relief challenging the constitutionality of his confinement, is necessarily construed as a petition for habeas corpus. See McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995). Patton must therefore exhaust state remedies before seeking relief in federal court. Id.

The district court's reliance on the doctrine of absolute immunity was inappropriate because Patton's complaint sought injunctive relief only, not damages. See Chrissy F. by Medley v. Mississippi Dep't of Pub. Welfare, 925 F.2d 844, 850 (5th Cir. 1991) (absolute immunity does not apply to suits for declaratory or injunctive relief).

The dismissal of the 42 U.S.C. § 1983 suit is AFFIRMED. Insofar as Patton's complaint seeks to set aside his conviction or sentence, the dismissal is modified to be a DISMISSAL WITHOUT PREJUDICE, based on Patton's failure to exhaust his state remedies. The district court's order imposing sanctions is also AFFIRMED.