**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 95-50926
(Summary Calendar)

BERCO INVESTMENTS, INCORPORATED,

Plaintiff-Appellant,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
in both its Corporate capacity and as
receiver for Texas Federal Savings
Association,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(SA-95-CV-472)

June 21, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Berco Investments, Inc. (Berco) appeals

from an order of the district court, made final pursuant to Fed. R.

Civ. P. 54(b), dismissing under Fed. R. Civ. P. Rule 12(b)(6) the

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Resolution Trust Corporation (RTC) in its corporate capacity (RTC-Corporate) from Berco's breach of contract suit against both RTC-Corporate and the RTC as receiver (RTC-Receiver) of Texas Federal Savings Association. Concluding that the district court's dismissal of RTC-Corporate was improvidently granted, we vacate that order and remand the case for further proceedings.

## I.

### FACTS AND PROCEEDINGS

Berco filed suit in state court against RTC-Corporate and RTC-Receiver, alleging that, in both capacities, the RTC unconditionally accepted Berco's offer to purchase a promissory note for $198,000, then failed to complete the transaction. RTC, in both capacities, removed the case to federal court where RTC-Corporate and RTC-Receiver filed a joint motion to dismiss Berco's suit. In addition to issues that are not relevant to this appeal, RTC-Corporate argued that it should be dismissed because it was not the proper party to this dispute. The court was reminded by RTC-Corporate that it was an entity separate and distinct from RTC-Receiver, and that RTC-Receiver was the owner of the note in question and thus had sole authority to sell it.

Berco responded to this motion by asserting that it had entered into negotiations with the RTC for the purchase and sale of the note. Berco noted that the negotiations proceeded through written correspondence, which was ambiguous as to whether the RTC was negotiating in its corporate capacity or strictly as the

receiver for Texas Federal Savings Association. In September 1995, the district court granted RTC-Corporate's dismissal motion, reasoning that "Berco's complaint fails to allege that RTC-Corporate was involved in the negotiations" regarding sale of the note. In November 1995, the district court certified this order as a final judgment pursuant to Fed. R. Civ. P. 54(b), and Berco timely filed a notice of appeal. Later that month, the RTC filed a notice of statutory succession and substitution which advised that the RTC would dissolve on December 31, 1995, and that it would be succeeded by the Federal Deposit Insurance Corporation (FDIC).

II

ANALYSIS

The sole issue of this appeal is whether the district court erred in concluding that, for purposes of Rule 12(b)(6), Berco failed to state a claim against RTC-Corporate on which relief could be granted. We review the district court's Rule 12(b)(6) dismissal order de novo. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995). Accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff, we will uphold a dismissal "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. (quotation and citation omitted).

In granting the motion to dismiss, the district court supported its conclusion that RTC-Corporate could not be held

3

liable for breach of contract on the sale of the note by citing Howerton v. Designer Homes by Georges, Inc., 950 F.2d 281, 283 (5th Cir. 1992) for the proposition that RTC-Corporate is a separate legal entity which cannot be held liable for the acts of RTC-Receiver. Berco does not dispute the rule in Howerton; rather, Berco correctly points out that Howerton does not apply to the dispute at hand, i.e., whether in fact RTC-Corporate ever negotiated with Berco regarding the purchase and sale of the note. If any possible set of facts would allow a finding that it had, then RTC-Corporate could be held responsible for its own acts, not just vicariously liable for the acts of RTC-Receiver.

RTC-Corporate urges that the district court did not err in dismissing it from this suit, given Berco's admission that all negotiations relevant to the note occurred after the appointment of RTC-Receiver. RTC-Corporate's argument depends on the assumption that once RTC-Receiver acquired ownership of the note RTC-Corporate could not have negotiated with Berco regarding its sale. But this assumption does not necessarily follow.

Berco concedes that it does not know whether it negotiated exclusively with RTC-Receiver or RTC-Corporate, or both. Berco also concedes that the evidence might ultimately prove that only RTC-Receiver is responsible for the breach of contract. Nevertheless, insists Berco, some of the transactional documents indicate the possibility that RTC-Corporate may have been involved in the negotiations involving the subject note.

4

An RTC document entitled Confidentiality Agreement for Review of Assets was sent to Berco. Its preamble states that "[t]he Resolution Trust Corporation, <u>acting in its corporate capacity or in its capacity as conservator or receiver of one or more depository institutions</u> (the "RTC"), has determined to offer for sale certain assets (the "Assets")." In <u>Resolution Trust Corp. v. Camp</u>, 965 F.2d 25, 29 (5th Cir. 1992), we noted that the ownership of a note could not be conclusively determined simply because the RTC had taken over a failed institution. As an example, we noted an unpublished decision in which the FDIC as receiver had conveyed assets of a failed bank to another bank and to FDIC-Corporate. <u>See</u> <u>id</u>. at 29 n.1 (citation omitted). There does, therefore, appear to be a set of facts that would allow for the possibility that RTC-Corporate was the entity (or conceivably one of two) that was negotiating with Berco to purchase the note in question. Consequently, the district court should not have dismissed the claim against RTC-Corporate for failure to state a claim upon which relief could be granted. It follows that we must vacate that court's Rule 54(b) order and remand the case for further proceedings consistent with this opinion.

VACATED AND REMANDED.