Terry Ray Hampton v. Monte E.Michael, et al.















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-054-CV

     TERRY RAY HAMPTON,
                                                                              Appellant
     v.

     MONTE E. MICHAEL, ET AL.,
                                                                              Appellees
 

From the 170th District Court
McLennan County, Texas
Trial Court # 97-1152-4
                                                                                                                

O P I N I O N
                                                                                                                

      Appellant Hampton appeals an order of the trial court granting Appellees' motion for
summary judgment that he take nothing in his suit for damages against Appellees Michael and
Hull.
      Appellant, an inmate at the Roach Unit in the Institutional Division of the Texas Department
of Criminal Justice, filed suit pro see in forma pauperis for actual and punitive damages against
Appellee Michael, a TDCJ officer, and Appellee Hull, a parole hearing officer.
      The basis for Appellant's suit is a parole revocation hearing held July 14, 1995, at the
McLennan County jail. Appellant asserts that Appellees violated his constitutional right to have
witnesses present and to present documentary evidence at the revocation hearing. Following the
hearing, the Board of Pardons and Paroles revoked Appellant's parole on July 28, 1995. 
Appellant filed this civil action April 1, 1997.
      The Texas Attorney General answered for Appellees asserting sovereign immunity, qualified
immunity of a state employee and quasi judicial immunity. Thereafter, Appellees filed motion for
summary judgment asserting sovereign immunity, qualified immunity of a state employee, quasi
judicial immunity, as well as the rule of Heck v. Humphrey, 512 U.S. 477, 485, which holds that
in order for a plaintiff to recover damages for allegedly unconstitutional conviction or
imprisonment, such plaintiff must prove the conviction has been reversed, expunged or declared
invalid. McGraw v. Texas Board of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir.) is to the same
effect.
      The trial court granted Appellees’ motion for summary judgment and ordered Appellant’s suit
be dismissed with prejudice.
      Appellant appeals on one point of error: “The trial court abused its discretion in granting a
final summary judgment when Appellant was never given notice of a summary judgment hearing.”
      Specifically, Appellant complains that the trial court signed the order granting Appellees’
motion for summary judgment one day after the motion for summary judgment was served on
Appellant.
      Appellant’s claim for damages is precluded by the doctrine set forth in Heck v. Humphrey,
supra, and McGraw v. Texas Board of Pardons & Paroles, supra, which is that before a plaintiff
can recover damages for imprisonment on an allegedly illegal parole revocation, he must allege
and prove that the revocation proceeding has been invalidated on appeal, expunged by executive
order, or declared invalid by a tribunal authorized to make such determination. Appellant did not
allege that the Board of Pardons and Paroles’ decision revoking his probation had been reversed,
expunged or called in question as Heck and McGraw require.
      Moreover, quasi judicial immunity is applicable to Appellee Hull and sovereign immunity and
qualified immunity of a state employee is applicable to both Appellees and precludes liability.
      Thus Appellant’s claims have no arguable basis in law under any theory of liability and are
frivolous. The trial court could have dismissed Appellant’s suit under Texas Civil Practice and
Remedies Code, § 14.003, which requires no notice or hearing prior to dismissal.
      Therefore, any failure to allow time for Appellant to respond to Appellees’ motion for
summary judgment, or any failure to allow the time the rules set forth for response to a summary
judgment motion is harmless under Rule 441, Texas Rules of Appellate Procedure.
      Appellant’s point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed September 16, 1998
Do not publish