IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20636
Conference Calendar

_____

SAMMIE NORMAN ENGLISH,

Plaintiff-Appellant,

versus

MELINDA HOYLE BOZARTH,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 97-CV-3076
- - - - - - - - - -

June 15, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Sammie Norman English, Texas prisoner # 347034, appeals the district court's dismissal of a 42 U.S.C. § 1983 suit brought against Melinda Bozarth, director of the Texas state parole division. On appeal, English argues that the parole board illegally revoked his parole because the revocation proceeding occurred more than 120 days after he was arrested. *See* Tex. Crim. Proc. Code Ann. art 42.18 § 14(a), codified at Tex. Gov't Code Ann. § 508.281 (requiring a revocation hearing to occur

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

between 70 and 120 days after arrest).

English's suit is not cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To recover damages for allegedly unconstitutional conviction or imprisonment, or for harms caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* The holding in *Heck* has also been applied to claims attacking the validity of the parole proceedings. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). English has neither alleged nor proven that his sentence has been invalidated. *See Heck*, 512 U.S. at 487. Consequently, the district court's order dismissing English's § 1983 suit is AFFIRMED.