IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11144
Conference Calendar
_____

ARCHIE D. WRIGHT,

Plaintiff-Appellant,

versus

JOE SMITH, Assistant Warden;
WAYNE SCOTT, Director, Texas Department
of Criminal Justice, Institutional Division,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CV-1521-L
- - - - - - - - - -
August 22, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

Archie D. Wright, Texas prisoner # 203700, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2). Wright argues that he is unlawfully imprisoned and should have been released on parole on March 27, 1998, but the defendants conspired to revoke his parole and prevent his release from custody. He also argues that after being transferred to the Ellis Unit, prison officials

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

retaliated against him when they denied adequate medical care and ignored his medical restrictions.

Wright has failed to demonstrate that his confinement has been invalidated; therefore, his claim of unlawful imprisonment is not cognizable under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). Neither of the defendants named in Wright's complaint work at the Ellis Unit. Thus, they could not have retaliated against Wright by failing to provide medical care while Wright was incarcerated at the Ellis Unit. Moreover, Wright's mere personal belief that the named defendants were responsible for the alleged retaliation is insufficient to state a claim for relief under § 1983. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

Wright's appeal is without an arguable basis in fact or law. Accordingly, his appeal is DISMISSED AS FRIVOLOUS. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal as frivolous under § 1915 counts as a strike against Wright. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). This court's dismissal counts as another strike. *Id.* If Wright accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). Wright is cautioned to review any pending appeals to ensure that they do not raise frivolous issues.

APPEAL DISMISSED; SANCTION WARNING ISSUED.