IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11219
Summary Calendar
_____

MITCHELL EARL WAITES,

Plaintiff-Appellant,

versus

GARY JOHNSON, Director, Texas Department of Criminal Justice;
CATHERINE G. ZILAHY, Assistant District Attorney,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CV-2004-G
- - - - - - - - - -
March 14, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Mitchell Earl Waites, Texas prisoner # 930982, appeals from the dismissal as frivolous of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2). Construed liberally, Waites contends that his showing of state habeas relief is sufficient to surmount the bar imposed to his claim by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Waites does not challenge on appeal the dismissal of his habeas claims as duplicative. Issues which are

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not briefed on appeal are waived. <u>Brinkmann v. Dallas County</u>
<u>Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

This court reviews a dismissal under 28 U.S.C. § 1915(e)(2) only for abuse of discretion. <u>See</u> <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). An *in forma pauperis* complaint is properly dismissed under 28 U.S.C. § 1915(e)(2) as frivolous "if it lacks an arguable basis in law or fact."

In <u>Heck</u>, the Supreme Court held that a § 1983 plaintiff may not recover damages for an unlawful conviction or sentence unless the plaintiff shows "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. <u>Heck</u> applies to challenges to the computation of a prisoner's sentence. <u>See</u> <u>McGrew v. Texas Bd. of Pardons & Paroles</u>, 47 F.3d 158, 160-61 (5th Cir. 1995).

In dismissing Waites' complaint pursuant to <u>Heck</u>, the district court did not explicitly consider evidence presented by Waites regarding state habeas proceedings in which Waites requested and obtained an additional 198 days' credit to his sentence. Because this additional evidence may have been sufficient to surmount the <u>Heck</u> bar, the district court abused its discretion in dismissing Waites' complaint as frivolous. Accordingly, we vacate the district court's dismissal of Waites' complaint as frivolous and remand with instructions that the

district court further develop Waites' complaint in light of the state habeas proceedings and <u>Heck</u>.

VACATED AND REMANDED.