UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 02-6261

DOUGLAS LEE HUSKETH,

Plaintiff - Appellant,

versus

JUDY H. SILLS, Manager at Combined Records,
North Carolina Department of Corrections;
THEODIS BECK, Secretary of Corrections at
North Carolina Department of Corrections; BOYD
BENNETT, Director of Prisons at North Carolina
of Corrections; LINDA WEISEL, Attorney at
North Carolina Prisoner's Legal Services,
Incorporated; KARL L. HAMEL, North Carolina
Prisoner's Legal Services, Incorporated;
MICHAEL E. BEALE, Superior Court Judge at
Anderson County Courthouse; JOHN H. CONNELL,
Clerk, North Carolina Court of Appeals; J.
BUTTERFIELD, Judge, North Carolina Supreme
Court; JAMES M. WEBB, Judge, Superior Court at
Moore County Courthouse; CAPTAIN MCPHADDER,
Correctional Officer at Brown Creek
Correctional Institution; MICHAEL S. HAMDEN,
Executive Director at North Carolina
Prisoner's Legal Services, Incorporated,

Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CA-01-682-3-MU-02)

Submitted:  April 25, 2002                 Decided:  May 8, 2002

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Douglas Lee Husketh, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Douglas Lee Husketh appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 2001) complaint. We have reviewed the record and the district court's opinion[1] and affirm its decision.[2] See Husketh v. Sills, No. CA-01-682-3-MU-02 (W.D.N.C. Jan. 9, 2002). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[1] We interpret the district court's dismissal as being without prejudice.

[2] Husketh's claim is barred because his challenge of his parole eligibility implies the invalidity of his continued confinement, and Husketh makes no showing that his conviction or sentence has been invalidated or called into question by the issuance of a federal writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (holding action challenging validity of parole proceedings calls into question fact of confinement and thus must satisfy Heck element).

3