IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 01-50376
Summary Calendar

———————

JOSEPH WILLIAM BARNES; RANDY LEA BARNES,

Plaintiffs-Appellants,

versus

CITY OF UNIVERSAL CITY, TEXAS; ET AL.,

Defendants,

WESLEY BECKEN, In His Official Capacity as Mayor of the City of Universal City;
DON TAYLOR, In His Official Capacity as City Manager of Universal City; FLOYD
BRYANT, In His Official Capacity as Chief of Police of Universal City; RON MEEKS,
In His Official Capacity as Assistant Chief of Police of Universal City; ALVIN
NELSON, In His Official Capacity as Police Lieutenant for Universal City;
CHRISTOPHER WHITE, In His Official Capacity of Police Officer for Universal City;
CHARLES STUBBLEFIELD, Attorney, In His Official Capacity as Municipal Judge for
Universal City; FERNANDO PARA, Officer, In His Official Capacity of Police Officer
for Universal City,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-01-CV-40
--------------------
September 24, 2002

Before REAVLEY, SMITH and STEWART, Circuit Judges.

PER CURIAM:*

Randy Lee Barnes appeals the district court's dismissal of his § 1983 civil rights complaint, filed on behalf of his minor son Joseph Barnes, against the City of Universal City and several municipal officials. Barnes alleged that his son's constitutional rights were violated when he was illegally searched and subsequently convicted for possession of tobacco by a minor. The district court granted summary judgment in favor of the City of Universal City and dismissed the complaint as to the other defendants for failure to state a claim upon which relief can be granted.

A dismissal for failure to state a claim will be "upheld only if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." McGrew v. Texas Bd. of Pardons & Parole, 47 F.3d 158, 160 (5th Cir. 1995) (internal quotation marks and citations omitted). This court reviews a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmovant. See Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998).

The district court did not err in granting summary judgment in favor of the City, because Joseph Barnes's conviction has not been appealed or invalidated. A § 1983 plaintiff must prove that the conviction or sentence has been invalidated in an

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

official action in order to withstand a motion to dismiss.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Nor did the district court err in dismissing Barnes's complaints against the municipal officials.  Judges enjoy absolute immunity for judicial acts performed in judicial proceedings.  Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996).  Other government officials performing discretionary functions are protected from civil liability under the doctrine of qualified immunity unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Barnes's complaint did not plead the facts necessary to show that the city officials violated a clearly established right; nor did it plead any facts against Defendant Judge Stubblefield which indicate that he acted outside of the scope of his judicial functions.  The district court's dismissal of each of Barnes's causes of action was accordingly proper.

AFFIRMED.