United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20461
Conference Calendar

ROBERT JEROME NEWSOME,

                                        Plaintiff-Appellant,

versus

TEXAS BOARD OF PARDON & PAROLE;
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
EXECUTIVE DIRECTOR,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-240
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Robert Jerome Newsome, Texas prisoner # 650726, appeals
the district court's 28 U.S.C. § 1915A dismissal as frivolous of
his 42 U.S.C. § 1983 complaint, asserting that the defendants
violated his constitutional rights in determining his parole
eligibility and in calculating his sentence.  We review a
28 U.S.C. § 1915A dismissal as frivolous for an abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion.  See Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

Newsome contends that he is not challenging the fact or duration of his confinement and that the district court erred in determining that his suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994).  Contrary to Newsome's contentions, he is challenging his continued confinement.  Because Newsome brought his claims in a 42 U.S.C. § 1983 action and because success in this 42 U.S.C. § 1983 action would necessarily imply the invalidity of his continued confinement, the claims are barred by Heck, and the district court did not abuse its discretion in dismissing the suit as frivolous.  See McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995).  Newsome's argument that the district court erred in denying his motions for a default judgment is meritless.  See 28 U.S.C. § 1915A.

Accordingly, the judgment is AFFIRMED.  The district court's dismissal of Newsome's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Newsome is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.