# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 28, 2011

No. 10-11228
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL ALMENDAREZ,

Plaintiff-Appellant

v.

PAROLE OFFICER TIMOTHY HUDDLESTON, Parole Region II; UNKNOWN PAROLE COMMISSIONER, assigned to Region II (or Designee) for Parole Revocation Hearings; UNKNOWN PAROLE BOARD MEMBER, assigned to Region II (or Designee) for Parole Revocation Hearings; GENERAL COUNSEL TO PAROLE DIVISION; ASSISTANT DIRECTOR REBECCA WATTS, Warrants Section, Parole Division; RISSI OWENS, Presiding Officer of the Board of Pardons and Paroles Division,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-333

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Michael Almendarez, Texas prisoner # 1601384, appeals the district court's dismissal, as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), of his 42 U.S.C. § 1983 suit concerning the issuance and execution of a parole

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation warrant.  He argues that the parole warrant was illegally issued, that part of his confinement pursuant to the warrant was unlawful, and that his claims are not barred by *Heck*.  *See* TEX. GOV'T CODE ANN. § 508.281 (requiring a revocation hearing to occur before 41 days after arrest).

Almendarez's suit is not cognizable under § 1983.  *See Heck*, 512 U.S. at 486-87.  "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for harms caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* To the extent that Almendarez's parole was revoked as a result of the warrant, the holding in *Heck* is applicable to claims attacking the validity of the parole proceedings. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).  Regardless, as the district court noted, because Almendarez has been granted credit toward his sentence for his convictions for indecency with a child and sexual assault, any ruling by the district court calling into question the validity of the parole warrant and his incarceration pursuant to the warrant would necessarily imply the invalidity of his current sentence.  *See Heck*, 512 U.S. at 486-87.  Additionally, as for Almendarez's claim that TEX. GOV'T CODE ANN. § 508.254 violates the Constitution, where an issue raised on appeal has not been advanced in the district court, it is not properly before the court of appeals.  *Willard v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Consequently, the district court's order dismissing Almendarez's § 1983 suit is AFFIRMED.