# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31375

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2015

Lyle W. Cayce
Clerk

RONALD MARSHALL,

Plaintiff-Appellant

v.

BOBBY JINDAL, Governor of State; JAMES LEBLANC, Secretary of Corrections; ROBERT TANNER, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-540

Before GRAVES, HIGGINSON and COSTA, Circuit Judges.

PER CURIAM:[*]

Ronald Marshall, Louisiana prisoner # 336016, moves to proceed in forma pauperis (IFP) to appeal the dismissal as frivolous of his 42 U.S.C. § 1983 complaint. By moving to proceed IFP in this court, Marshall is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31375

frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  In addition, when the trial court's certification decision is inextricably intertwined with the merits of the case, this court may dispose of the appeal on its merits.  *Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

In his § 1983 complaint, Marshall claimed that Louisiana's habitual offender statute, La. Rev. Stat. 15:529.1, under which he was sentenced, did not provide for imprisonment at hard labor at the time he was sentenced, and that, therefore, requiring him to serve his enhanced sentence in the custody of the Louisiana Department of Public Safety and Corrections violated his rights under the Due Process and Ex Post Facto Clauses of the United States Constitution.  He also claimed that his sentence subjected him to "involuntary servitude" in violation of the Thirteenth Amendment.

Marshall's claims under the Due Process and Ex Post Facto Clauses challenge the validity of his sentence and confinement.  The issue is thus whether he may use 42 U.S.C. § 1983 to challenge his sentence and confinement.  Before a § 1983 plaintiff can recover damages for an "allegedly unconstitutional . . . imprisonment," he must prove that the challenged sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995).  Until Marshall can make such a showing, his claims seeking damages via § 1983 are not cognizable and must be dismissed.  *See Heck*, 512 U.S. at 487; *McGrew*, 47 F.3d at 160-61. Marshall has abandoned his Thirteenth Amendment claim by failing to raise it in his brief.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 14-31375

Marshall has not shown that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24. Marshall is informed that the district court's dismissal of his complaint and this court's dismissal of this appeal count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Coleman v. Tollefson,* 135 S. Ct. 1759, 1763 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). He is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.