# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2016

Lyle W. Cayce
Clerk

No. 15-40346

TOMMY R. HARRIS,

Petitioner-Appellant

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; BOARD OF PARDONS AND PAROLES; THE STATE OF TEXAS,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CV-14

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[*]

In November 2014, Tommy R. Harris filed in the district court a 28 U.S.C. § 2254 petition challenging the decision by the Texas Board of Pardons and Paroles denying his release to mandatory supervision and his continued detention by the Texas Department of Criminal Justice, Correctional Institutions Division. During the pendency of the § 2254 proceedings, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

while he was still in custody,[1] Harris filed a complaint pursuant to 42 U.S.C. § 1983 seeking monetary damages and injunctive and declaratory relief stemming from his continued detention and the denial of his release to mandatory supervision.  The district court dismissed the complaint on the grounds that Harris's claims were duplicative of the claims raised in a pending § 2254 proceeding.  The district court also denied Harris's motion to proceed in forma pauperis (IFP) on appeal, certifying under 28 U.S.C. § 1915(a)(3), that an appeal was meritless and not taken in good faith.

Harris now moves this court for leave to proceed IFP.  He also moves for a certificate of appealability (COA) and for the appointment of counsel.

As an initial matter, a COA is unnecessary in this case.  Harris's case is before us as a challenge to the district court's certification decision.  *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997) (recognizing the applicability of § 1915(a)(3) to suits brought by "prisoners and nonprisoners alike").  When a district court denies IFP status and certifies that an appeal is not taken in good faith, the appellant must either pay the filing fee or challenge the district court's certification decision.  *Id.*; FED. R. APP. P. 24(a)(3)(A).  Thus, our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation and internal quotation marks omitted).

To recover damages under § 1983 for his "allegedly unconstitutional . . . imprisonment," Harris must prove that the challenged sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see McGrew v. Tex. Bd. of Pardons & Paroles*, 47

---

[1] During the pendency of this appeal, Harris notified this court of his release on parole.

No. 15-40346

F.3d 158, 160-61 (5th Cir.1995). He has not made that showing; until he can, his claims seeking damages under § 1983 are not cognizable. *See Heck*, 512 U.S. at 487, 114 S. Ct. 2364; *McGrew*, 47 F.3d at 160-61. Harris's appeal is therefore without arguable merit. *See Howard*, 707 F.2d at 220.

Accordingly, a COA is DENIED AS UNNECESSARY. As this case presents no "exceptional circumstances," Harris's motion for the appointment of counsel is DENIED. Harris's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.