# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20052
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2017

Lyle W. Cayce
Clerk

REZA AHMADI,

Plaintiff-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; STATE OF TEXAS BOARD OF PARDONS AND PAROLES,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-2454

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Reza Ahmadi, formerly Texas prisoner # 1713862, appeals the dismissal of his 42 U.S.C. § 1983 complaint as barred by the Eleventh Amendment and *Heck v. Humphrey*, 512 U.S. 477 (1994), and for failure to state a claim. He argues that his request for prospective injunctive relief is not barred by the Eleventh Amendment, that his sentence was invalidated by the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20052

dismissal of a prior 28 U.S.C. § 2254 application as moot, and that he identified every element necessary to state a cause of action under § 1983.

We review the district court's Eleventh Amendment immunity determination de novo. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011). Eleventh Amendment immunity applies "unless the suit falls within the narrow exception articulated by the Supreme Court in *Ex Parte Young*," 209 U.S. 123 (1908). *McKinley v. Abbott*, 643 F.3d 403, 405 (5th Cir. 2011) (footnote omitted). The *Young* exception allows a private citizen to sue an individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law. *Id.* at 406. Although Ahmadi asserts that he is entitled to prospective injunctive relief, he does not identify with particularity the relief sought or the basis therefor. Moreover, in light of Ahmadi's release from prison, it is unclear what prospective injunctive relief he could be afforded. *See Weinstein v. Bradford*, 423 U.S. 147, 148-49 (1975). At bottom, Ahmadi is seeking monetary damages from the State based on his belief that he was unlawfully confined from July 2, 2012 to May 16, 2014. Because he is seeking monetary damages, his suit against the Director, in her official capacity, and the Board is barred by the Eleventh Amendment. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010); *McKinley*, 643 F.3d at 405-06.

In order to recover damages under § 1983 for an allegedly unconstitutional conviction or for harm caused by unlawful actions that would invalidate a conviction or sentence, a plaintiff must prove that the conviction or sentence has been overturned. *Heck*, 512 U.S. at 486-87. A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487; *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997). "Because an action attacking the validity of parole proceedings calls into question the fact and duration of confinement, it must satisfy the

2

No. 17-20052

*Heck* element." *McGrew v. Texas Bd. of Pardons &* Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (footnote and citations omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Contrary to Ahmadi's assertions, the district court's dismissal of his second habeas application as moot did not invalidate his sentence or his continued confinement; none of the claims raised therein were adjudicated on the merits. Furthermore, although Ahmadi was eventually granted release to mandatory supervision in May 2014, he has not demonstrated that the Board's prior denials of such relief have been set aside for purposes of *Heck*. In light of Ahmadi's failure to satisfy the requirements of *Heck*, the district court did not err by dismissing his claims against the Director on that ground. Because Ahmadi's claims are barred by the Eleventh Amendment and *Heck*, we do not address the district court's determination that Ahmadi failed to state a § 1983 claim.

AFFIRMED.