# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50731
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2018

Lyle W. Cayce
Clerk

ROY L. WOODSON,

Plaintiff-Appellant

v.

STUART JENKINS; JULIE MORALES; BRYAN COLLIER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CV-532

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Roy L. Woodson, Texas state prisoner # 01300997, appeals the dismissal of his pro se complaint, which the district court properly recognized as raising claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2254.  In particular, Woodson alleged in the complaint that his constitutional rights were violated during his parole revocation proceedings and that, as a result, he was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unlawfully restrained in prison.   He sought compensatory and punitive damages and release from prison back to parole.

In this court, Woodson has abandoned any challenge to the district court's dismissal of his claims for monetary damages against the defendants in their official capacities.  *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Regarding the district court's dismissal with prejudice of Woodson's claims for monetary damages against the defendants in their individual capacities, we discern no error in light of Woodson's failure to comply with *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).  Likewise, as to Woodson's claim seeking immediate release from prison, the district court did not err in ordering a dismissal without prejudice to Woodson refiling the claim in a habeas proceeding after exhaustion of his state court remedies.  *See id.*

Next, Woodson attempts to add a new defendant on appeal.  We decline to consider claims that were not first presented to the district court.  *See Burch v. Coca-Cola Co.*, 119 F.3d 305, 319 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Woodson additionally moves for the appointment of counsel, a temporary restraining order or a preliminary injunction, a severance and separate trials, and the entry of judgment in his favor under Federal Rule of Appellate Procedure 36.  First, "[t]here is no general right to counsel in civil rights actions."  *See McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012).  Because Woodson has shown no exceptional circumstances warranting the appointment of counsel, his motion is denied.  *See id.*

Second, because of the lack of clarity in Woodson's motion for a temporary restraining order or a preliminary injunction, we deny that motion as well.  *See Grant*, 59 F.3d at 524-25.  Third, Woodson's motion for a severance

No. 17-50731

and separate trials is also unclear.    To the extent he argues, liberally construed, that his civil rights and habeas claims should have been considered separately, his motion is denied because those claims have been separately addressed.    Finally, Woodson's motion for the entry of judgment in his favor is denied because Rule 36 does not provide a means to the relief Woodson seeks.

AFFIRMED; MOTIONS DENIED.