# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20815
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 12, 2019

Lyle W. Cayce
Clerk

ELIJAH WILLIAM WALLACE,

Plaintiff-Appellant

v.

THE TEXAS BOARD OF PARDON & PAROLE,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2743

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.
PER CURIAM:[*]

Elijah William Wallace, Harris County Jail SPN # 660014, proceeding pro se and in forma pauperis (IFP), appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The district court reasoned that Wallace's complaint was barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Wallace re-urges on appeal that the Texas Board of Pardons and Paroles falsely imprisoned him. According to Wallace, Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20815

authorities unlawfully extended his 25-year prison sentence and should have released him in 2016. Wallace does not address the district court's ruling that his suit was *Heck*-barred. Wallace also has filed two motions for leave to supplement his brief with exhibits concerning his parole and a motion for the appointment of counsel.

Although this court liberally construes pro se filings, a pro se party "must still brief the issues and reasonably comply with the standards of [Federal Rule of Appellate Procedure 28]." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). When an appellant fails to identify any error in the district court's analysis, it is the same as if he had not appealed that issue. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Wallace has not challenged the district court's ruling that his claims were barred by *Heck*, he has abandoned any challenge to the district court's dismissal of his § 1983 action. *See id.*

To the extent that Wallace's complaint should have been construed as raising a claim for habeas corpus relief under 28 U.S.C. § 2254, the dismissal of any habeas claim should have been without prejudice to Wallace's right to seek relief after his state remedies have been exhausted. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

Accordingly, the district court's dismissal of the § 1983 action is AFFIRMED, and the dismissal of any habeas corpus claim is MODIFIED to be a dismissal without prejudice. Wallace's motions for leave to supplement and for the appointment of counsel are DENIED.