IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-20807
Summary Calendar

THOMAS D WALLER

Plaintiff-Appellant

v.

BRIAN COLLIER

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3225

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Thomas D. Waller, Texas prisoner # 656257, appeals the dismissal of his Section 1983 complaint as frivolous. See 42 U.S.C. § 1983. We AFFIRM with one exception: to the extent that one of Waller's claims must be construed as a request for habeas corpus relief, we MODIFY the judgment to indicate that such relief is dismissed without prejudice.

In his complaint, Waller alleged that his parole was revoked without benefit of a revocation hearing. The district court held that Waller's seeking of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 1983 damages based on his state parole revocation procedures was barred until he could prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The district court also found that Brian Collier, Director of the Texas Board of Pardons and Paroles, was entitled to absolute immunity. The district court's dismissal is reviewed for an abuse of discretion. Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997).

Waller's complaint attacked the validity of his parole revocation, thereby calling into question the fact and duration of his confinement. Consequently, the district court was correct that Waller had to show that the sentence imposed as a result of the revocation proceedings had been invalidated by a state or federal court. McGrew v. Tex. Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995). No such showing was made. His damages claim therefore is not cognizable under Section 1983. Id.

Even if a complaint is barred because of Heck, "it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity." Id. The Texas Board of Pardons and Paroles is cloaked with Eleventh Amendment immunity from Section 1983 damages claims. Id. Waller contends that in moving to amend his complaint to name Collier as a defendant in his official capacity, his intention was to make the Texas Board of Pardons and Paroles the liable party. Therefore, the district court did not abuse its discretion in denying his motion because the Texas Board of Pardons and Paroles is absolutely immune from suit. See id.

Waller did not allege that Collier personally participated in his revocation proceedings; if that participation had been shown, Collier would have been entitled to absolute immunity. Id. Nevertheless, whether Collier would be entitled to qualified immunity need not be addressed because Waller has not

alleged a Section 1983 claim against Collier consistent with the requirements of McGrew. See id. Based on these facts, the district court did not abuse its discretion by dismissing Waller's monetary claims as frivolous.

Waller's Section 1983 complaint sought both injunctive and monetary relief. To the extent Waller sought immediate release, his complaint should have been construed as raising a claim for habeas corpus relief. Id. Waller does not dispute the district court's finding that his state habeas application challenging his parole revocation is still pending in the state district court. Therefore, insofar as his complaint can be construed as seeking habeas relief, it must be dismissed for failure to exhaust state court remedies. Id. The district court's dismissal of any habeas claim is therefore MODIFIED to be a dismissal without prejudice to Waller's right to seek relief after his state remedies have been exhausted. See id.; 28 U.S.C. § 2254.

Waller is informed that our affirmance of the district court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Waller is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

AFFIRMED AS MODIFIED; SANCTION WARNING ISSUED.