# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 21, 2010

Lyle W. Cayce
Clerk

No. 09-20486
Summary Calendar

CRAIG E MENDENHALL,

Plaintiff-Appellant,

versus

CHARLEY VALDEZ; REBECCA PRICE; PAMELA WILLIAMS,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:08-CV-3255

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Craig Mendenhall, Texas prisoner # 359197, appeals the dismissal of his civil rights action for failure to state a claim on which relief may be granted.  His

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims are based on his eligibility for release on mandatory supervision. He seeks declaratory and injunctive relief and compensatory and punitive damages.

The dismissal of a complaint under rule 12(b)(6) of the Federal Rules of Criminal Procedure is reviewed *de novo*. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff fails to state a claim on which relief can be granted where the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This court may affirm the judgment on any ground supported by the record. *Sojourner T. v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

Mendenhall argues that the district court erred in its determination that his claims are time-barred, and he contends that he has stated constitutional claims on which relief can be granted. His assertions amount to an attack on the validity of determinations made by the Texas Department of Criminal Justice ("TDCJ") regarding his eligibility for release on mandatory supervision. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Mendenhall cannot seek an earlier release from prison in a civil rights action, so he cannot obtain declaratory and injunctive relief. *See id.*

Mendenhall likewise cannot obtain monetary damages on his claims regarding the correctness of determinations on his eligibility for release on mandatory supervision. Where, in a state prisoner's suit for damages under 42 U.S.C. § 1983, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Because Mendenhall cannot show that the TDCJ's determination regarding his eligibility for release on mandatory supervision has been invalidated, under the principles of *Heck* he

cannot maintain a suit for damages under § 1983 based on those determinations. *See McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 160-61 (5th Cir. 1995).

Mendenhall argues that the district court erred in denying him leave to amend his complaint under rule 15 of the Federal Rules of Criminal Procedure. Because he is precluded from pursuing the claim he sought to add, amendment would have been futile, and the court did not reversibly err in denying it. *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991).

The judgment is AFFIRMED. The motion for appointment of counsel is DENIED. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

The district court's dismissal for failure to state a claim counts as one strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996); § 1915(e)(2)(b)(ii). Mendenhall is hereby warned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).