# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2011

No. 10-60740
Summary Calendar

Lyle W. Cayce
Clerk

MAURICE ANTONIO JOHNSON,

Plaintiff-Appellant

v.

JAMES MURRAY, Investigator, Lamar County Sheriff's Department; RICHARD COX, Investigator, Lamar County Sheriff's Department,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:10-CV-92

Before HIGGINBOTHAM, SMITH and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maurice Antonio Johnson, Mississippi prisoner # 33122, appeals the district court's 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal of his pro se 42 U.S.C. § 1983 complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Johnson argues that his parole was wrongfully revoked based upon Mississippi state criminal charges arising from allegations that he acted under false pretense in an attempt to secure items of value from a Walmart. He relies, inter alia, upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60740

an order of nolle prosse issued by a Mississippi state court in connection with the criminal charges related to the Walmart incident to support his argument that the criminal charges were without factual foundation. He contends that the revocation of his parole based upon the Walmart incident and his continued incarceration violate his constitutional rights. Johnson has also filed a motion for leave to file an amended complaint.

A district court shall dismiss a case at any time if the court determines that an action fails to state a claim upon which relief may be granted. *See* § 1915(e)(2)(B)(ii). This court employs the same de novo standard to review a § 1915(e)(2)(B)(ii) dismissal as is used to review a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis and quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). Also, "[t]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The rule set forth in *Heck* applies to a challenge to the validity of confinement resulting from a parole-revocation hearing. *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

No. 10-60740

Johnson's claim for damages based upon the revocation of his parole and his continued incarceration implicates the validity of the revocation hearing. Johnson does not explicitly argue that the parole revocation has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck*, 512 U.S. at 486-87; *McGrew*, 47 F.3d at 161. The order of nolle prosse is not relevant to the validity of Johnson's confinement resulting from the parole revocation hearing. Johnson's reliance upon the order of nolle prosse therefore is not persuasive.

Johnson's appeal is without arguable merit and therefore is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Johnson is cautioned that the dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal for failure to state a claim. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Johnson therefore has two strikes under § 1915(g) and he is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED; MOTION FOR LEAVE TO AMEND COMPLAINT DENIED.