**Paul Michael CHAPA, Plaintiff–
Appellant**

v.

**Rissie OWENS, Chairwoman of the
Board of Paroles, Defendant–
Appellee.**

No. 11–50495
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 5, 2012.

Paul Michael Chapa, Midway, TX, pro se.

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM: *

Paul Michael Chapa, Texas prisoner # 1557144, appeals the district court's dismissal of his 42 U.S.C. § 1983 lawsuit,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

asserting that Texas parole procedures violated his rights under the Due Process and Equal Protection Clauses, as well as the Separation of Powers Doctrine, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B). We review the dismissal for an abuse of discretion. *See Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir.2005).

Chapa contends that the district court abused its discretion in dismissing his due-process and separation-of-powers claims, and he further contends that it erred in awarding the defendant immunity under the Eleventh Amendment. Chapa additionally argues that the district court erred in declining to exercise supplemental jurisdiction over his state-law claims.

Even affording his appellate brief liberal construction, Chapa briefs no argument renewing his equal-protection claim or challenging the reasons for the district court's dismissal. That claim is therefore waived. *See N.W. Enters. Inc. v. City of Houston,* 352 F.3d 162, 183 n. 24 (5th Cir.2003); *Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993); *see also United States v. Jimenez,* 509 F.3d 682, 693 n. 10 (5th Cir.2007).

The district court did not abuse its discretion in dismissing Chapa's due-process challenge to Texas parole procedures as frivolous. *See Johnson v. Rodriguez,* 110 F.3d 299, 308 (5th Cir.1997) ("It is ... axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); *see also Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). The district court likewise properly dismissed the separation-of-powers claim as frivolous for lack of a federal constitutional violation. *See Sweezy v. New Hampshire,* 354 U.S. 234, 255, 77 S.Ct. 1203, 1 L.Ed.2d 1311 (1957). It correctly concluded that, to the extent Owens

was sued in her official capacity, any claim against her for monetary damages was barred by the Eleventh Amendment. *See McGrew v. Tex. Bd. Pardons & Paroles,* 47 F.3d 158, 161 (5th Cir.1995). Additionally, because the district court in the instant case dismissed all of Chapa's federal claims as frivolous, it did not abuse its discretion in declining to exercise supplemental jurisdiction over the state-law claims, and it properly dismissed those claims without prejudice. *See Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir.1999).

The district court's judgment is AFFIRMED. Its dismissal of Chapa's § 1983 complaint as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Chapa is CAUTIONED that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).